No. 582

First Circuit

BLAKENSHIP v. MEADOR

(March 5, 1930. Opinion and Decree.)

B. R. Miller, of Baton Rouge, and J. Y. Sanders, Jr., of Baton Rouge, attorneys for plaintiff, appellant.

F. J. Whitehead, of Port Allen, and C. C.

Byrd, of Baton Rouge, attorneys for defendant, appellee.

ELLIOTT, J. An automobile belonging to Macon O. Blakenship was severely damaged while being driven southward by him on the Jefferson Highway in the parish of Ascension. Blakenship was accompanied by a young lady and a young man; the three being on their way to New Orleans on a pleasure trip. The accident occurred at about 8:30 p. m. on December 29, 1928.

The plaintiff alleges that he was driving cautiously on the extreme right-hand side of the road in the direction he was going, allowing ample space for the approaching automobile belonging to defendant, which he saw coming toward him. That defendant's automobile swerved into him, struck, and damaged his car to the extent of $475, which amount he claims against defendant.

. Defendant Meador denies that the plaintiff was driving cautiously and on the side of the road on which he belonged in the direction he was going, and alleges that he himself was driving carefully, going north and on the right-hand side of the road in the direction he was going. That plaintiff's car, driven at great speed, swerved into him and struck him, damaging his automobile to the extent of $368, which amount he claims of the plaintiff in reconvention.

According to the testimony of the plaintiff and his two companions, he was driving on the right-hand side of the road in the direction he was going. One of his companions estimated his speed at about 35 or 40 miles an hour, but marks on the ground and other evidence indicates that plaintiff was in fact near the middle of the road at the time of the impact; and in regard to his speed, judging by the violence of the impact, it must have been great, because the young man riding with him was, as a result, pitched forward more than 25 feet. And although the front wheel on the right-hand side of plaintiff's car was completely knocked away, the car went forward on three wheels for 40 feet or more. The collision took place in a curve and it is evident that plaintiff was going too fast for the curve he was making.

Defendant, a middle-aged man, on his way home at Port Allen, was driving northward, he claims, at a moderate speed and on the right-hand side of the road in the direction he was going. He testifies that plaintiff swerved into and struck him, damaging his car to the extent stated.

The evidence indicates that the defendant was nearer the middle of the road than he thought he was, at the time of the impact. If plaintiff's car was not nearer the middle of the road than, say eight or ten inches, and defendant's car was at the same time near the middle, but not over it, there could have been no collision. But there was a terrific impact. It is certain that one or the other, or both of them, were driving in the middle of the road; and the evidence is such that it cannot be satisfactorily determined whether it was one or both of them. It cannot be determined from the evidence which one was on the wrong side of the road, or if both of them were driving in the middle of the road.

The district judge found it well to reject the demand of both. We have come to the conclusion that such was the proper judgment to render in the case.

Judgment affirmed; plaintiff and appellant to pay the cost in both courts.

LECHE, J., not participating.